UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DIGNA RIVERA,

                Plaintiff,        05-CV-6198T

v.                              **DECISION**
                                        **And ORDER**
JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

## INTRODUCTION

Digna Rivera, ("plaintiff" or "Rivera") timely filed this Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), to reconsider this Court's Decision and Order granting defendant, Commissioner's motion for judgment on the pleadings. This Court's decision was entered on June 26, 2006 granting defendant's motion for judgment on the pleadings affirming the final decision of the Commissioner that the plaintiff is not eligible for Supplemental Security Benefits ("SSI") under Title XVI of the Social Security Act.

For the reasons that follow, this Court denies the plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) since the plaintiff failed to establish that the court overlooked controlling decisions or factual matters justifying the Court to alter its decision.

## LEGAL STANDARD

"A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling

decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." Herschaft v. New York City Campaign Finance Board, 139 F.Supp.2d 282, 284 (E.D.N.Y. 2001). Motions to Alter or Amend pursuant to Rule 59(e) "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked…that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. Blue Water Yacht Club Ass'n., 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003). A motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. Schrader, 70 F.3d at 257.

## DISCUSSION

In her September 4, 2004 decision the ALJ found that the plaintiff's past relevant work as a cleaner in a bank, which required lifting and carrying of no more than ten pounds, does not require the performance of tasks precluded by the plaintiff's residual functioning capacity. (Tr. 27). Substantial evidence exists in the record supporting the ALJ's conclusion that the plaintiff has the physical capacity to engage in substantial gainful activity and therefore is not disabled. On appeal, this Court found that the Commissioner's decision is supported by substantial evidence. The plaintiff claims that her work

performance as a part-time cleaner in a bank for seven months during 1996-1997 was not relevant because she earned less than $500 a month. (Her actual earnings for that total period was $518.) She argues that her limited earnings demonstrate that this did not constitute "substantial gainful activity." See 20 C.F.R. § 416.974(b)(2). The compensation one receives from work is only one criteria for measuring whether work is considered "substantial gainful activity." The ALJ based her decision on a variety of other relevant evidence in the record that supports her finding that the plaintiff's past work as a cleaner meets the relevant criteria for substantial gainful activity. "Regulations do not provide that the past relevant work must have been salaried in order to qualify as relevant." Melville v. Apfel, 198 F.3d 45, 49 (2d Cir. 1999). The amount of compensation alone is not conclusive in determining whether the claimant retains the physical capacity to perform "substantial gainful activity." Id. Substantial evidence supports the ALJ's finding that the plaintiff's physical limitations do not bar her from performing past relevant work.

"The fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. § 416.974(a)(1). Part time work that was substantial gainful activity is work that was performed within the past 15 years and lasted long enough for the person to learn the job's duties. SSR 96-8p, 1996 WL 374184, at 8. Substantial work activity is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572. Work may be substantial even if it is done on a part-time basis. Work activity

is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized. Id. The plaintiff's job as a cleaner at a bank lasted seven months, long enough for her to learn the job's duties, her compensation was tied to her productivity, her work was valuable to her employer, the work was demanding, and her job was a paid position considering her total earnings of $518 over the course of her employment. (Tr. 56-9, 66, 352). Given these facts the ALJ found that the plaintiff's job as a cleaner constitutes substantial gainful activity and her physical limitations do not preclude her from performing this relevant work. These findings, along with other evidence constitutes substantial evidence in the record, which supports the ALJ's decision that the plaintiff is not disabled.

## CONCLUSION

For the reasons set forth above the plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) does not demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which might have reasonably altered this Court's decision. Accordingly the plaintiff's motion is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         August 17, 2006